United States Courts
Southern District of Texas
FILED

NOV 1 6 2021 RG

Nathan Ochsner, Clerk
Laredo Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. L-21-1868 |
| | § | |
| SIMON MEDINA, III | § | |

### INDICTMENT

**THE GRAND JURY CHARGES THAT:**

### Introduction

At various times relevant to the Indictment:

1. The term "computer" means an electronic, magnetic, optical electrochemical, or other high speed date processing device e logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

2. The term "protected computer" means a computer (A) exclusively for the use of the United States Government, or in the case of a computer not exclusively for such use, used by or for the United States Government and the conduct constituting the offense affects that use by or for the Government.

3. RA, RG, and PG were bailees, drivers, importers, and transporters of "encargos", commercial goods belonging to other that are unlawfully imported into the United States for a fee.

### COUNT ONE

From on or about May 25, 2020, and continuing thereafter until on or about August 6, 2020, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendant,

## SIMON MEDINA, III,

did knowingly and willfully conspire and agree with other persons, both known and unknown to the grand jury, to:

   a) import and bring into the United States certain merchandise, that is: commercial goods, contrary to law of the United States, to wit: 19 U.S.C. §§ 1497 and 1595a, and did receive, conceal, and in any manner facilitated the transportation and concealment of said merchandise after importation, knowing the same to have been imported and brough into the United States contrary to law, and

   b) smuggle and clandestinely introduce, and attempt to smuggle and clandestinely introduce, into the United States merchandise which should have been invoiced, that is: commercial goods,

to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

   1) of and concerning its right to have its business and its affairs, and particularly the transaction of the official business of the United States Customs and Border Protection (CBP), an agency of the Department of Homeland Security, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment, and obstruction;

   2) of and concerning its right to have its officers and employees, and particularly the personnel of CBP, free to transact the official business of the United States unhindered, unhampered, unobstructed, and unimpaired by dishonest, corrupt, unlawful, and improper actions and omissions; and

   3) of an concerning its right to the conscientious, loyal, faithful, disinterested, and unbiased services, decisions, actions, and performance of his duties by the Defendant in his official capacity as Customs and Border Protection Officer, free from corruption, partiality, improper influence, bias, dishonesty, and fraud resulting in the unlawful importation of goods in dealing with CBP.

### MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that the Defendant would by deceit, craft, trickery, and

dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the CBP, in that the Defendant, and others known and unknown, would coordinate the unlawful importation of commercial goods from the United Mexican States into the United States.

It was further part of the conspiracy that the Defendant, and others known and unknown, would fail to declare and fail to inspect commercial goods unlawfully imported into the United States.

It was further part of the conspiracy that the Defendant, and others known and unknown, would fail to pay and fail to collect duties and taxes due to the United States for commercial goods unlawfully imported into the United States.

It was further part of the conspiracy that the Defendant would access a government computer and protected computer and manipulate data and make false entries in order to allow the unlawful importation of commercial goods into the United States.

It was further part of the conspiracy that the Defendant, and others known and unknown, would deliver commercial goods to others for sale to consumers in the United States.

OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Southern District of Texas and elsewhere:

1) On or about May 25, 2020, the Defendant, allowed RA, RG and PG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

2) On or about May 26, 2020, the Defendant, allowed RA and RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

3) On or about June 2, 2020, the Defendant, allowed RA and RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

4) On or about June 9, 2020, the Defendant, allowed RG to unlawfully import "encargos"

into the United States at the Juarez-Lincoln Port of Entry;

5) On or about June 10, 2020, the Defendant, allowed RA and RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

6) On or about June 12, 2020, the Defendant, allowed PG and RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

7) On or about June 26, 2020, the Defendant, allowed RA, RG and PG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

8) On or about June 26, 2020, the Defendant, exceeding authorization, made false entries in a protected computer;

9) On or about July 4, 2020, the Defendant, allowed RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

10) On or about July 4, 2020, the Defendant, exceeding authorization, made false entries in a protected computer;

11) On or about July 7, 2020, the Defendant, allowed PG and RG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

12) On or about July 7, 2020, the Defendant, exceeding authorization, made false entries in a protected computer;

13) On or about August 2, 2020, the Defendant, without authorization, opened a primary inspection lane at the Juarez-Lincoln Port of Entry;

14) On or about August 2, 2020, the Defendant, exceeding authorization, made false entries in a protected computer;

15) On or about August 2, 2020, the Defendant, allowed RA and PG to unlawfully import "encargos" into the United States at the Juarez-Lincoln Port of Entry;

16) On or about August 5, 2020, the Defendant, using a cellular phone, warned RA that it was not safe to cross because of a situation involving the police and a Mexican citizen at the Lincoln-Juarez Port of Entry;

17) On or about August 6, 2020, the Defendant, without authorization, took over a primary inspection lane at the Juarez-Lincoln Port of Entry;

18) On or about August 6, 2020, the Defendant, using a cellular phone, contacted RA and advised RA which inspection lane the Defendant would be manning;

19) On or about August 6, 2020, the Defendant, exceeding authorization, made false entries

   in a protected computer; and

20) On or about August 6, 2020, the Defendant, allowed RA and PG to unlawfully import and attempt to import "encargos" into the United States at the Juarez-Lincoln Port of Entry.

In violation of Title 18, United States Code, Sections 371 and 545.

## COUNT TWO

On or about **August 2, 2020**, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

### SIMON MEDINA, III,

did fraudulently and knowingly import and bring into the United States certain merchandise, that is: alcoholic beverages, controlled and over-the-counter medications, and other commercial goods, contrary to law of the United States, to wit: 19 U.S.C. §§ 1497 and 1595a, and did receive, conceal, and in any manner facilitated the transportation and concealment of said merchandise after importation, knowing the same to have been imported and brough into the United States contrary to law,

In violation of Title 18, United States Code, Sections 545 and 2.

## COUNT THREE

On or about **August 2, 2020**, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

### SIMON MEDINA, III,

did willfully and knowingly and with intent to defraud the United States, did smuggle and clandestinely introduce, and attempt to smuggle and clandestinely introduce, into the United States

merchandise which should have been invoiced, that is: alcoholic beverages, controlled and over-the-counter medications, and other commercial goods, of an approximate value of $1,000.00,

In violation of Title 18, United States Code, Sections 545 and 2.

### COUNT FOUR

On or about **August 6, 2020**, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

### SIMON MEDINA, III,

did fraudulently and knowingly did import and bring into the United States certain merchandise, that is: alcoholic beverages, controlled and over-the-counter medications, and other commercial goods, contrary to law of the United States, to wit: 19 U.S.C. §§ 1497 and 1595a, and did receive, conceal, and in any manner facilitated the transportation and concealment of said merchandise after importation, knowing the same to have been imported and brough into the United States contrary to law,

In violation of Title 18, United States Code, Sections 545 and 2.

### COUNT FIVE

On or about **August 6, 2020**, in the Southern District of Texas and within the jurisdiction of the Court, Defendant,

### SIMON MEDINA, III,

did willfully and knowingly and with intent to defraud the United States, did smuggle and clandestinely introduce, and attempt to smuggle and clandestinely introduce, into the United States

merchandise which should have been invoiced, that is: alcoholic beverages, controlled and over-the-counter medications, and other commercial goods, of an approximate value of $1,900.00,

In violation of Title 18, United States Code, Sections 545 and 2.

**ORIGINAL SIGNATURE ON FILE**

FOREMAN OF THE GRAND JURY

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY

José Angel Moreno
Assistant United States Attorney

USA-74-24b
(Rev. 6-1-71)

# CRIMINAL DOCKET NO. L-21-1868

__LAREDO__ DIVISION

FILE: 2020R09849     MAG#: 5:20-MJ-00000

<u>INDICTMENT</u>     Filed: <u>November 16, 2021</u>     Judge:_____

ATTORNEYS:

UNITED STATES OF AMERICA

VS.

<u>JENNIFER B. LOWERY, ACTING USA</u>
<u>José Angel Moreno, AUSA</u>

**SIMON MEDINA, III**

**CHARGE:**   Ct. 1:     Conspiracy to Defraud the United States
[18 USC 371 & 545]

Cts. 2 - 5:     Smuggling Goods into the United States
[18 USC 545 & 2]

**TOTAL COUNTS: 5**

**PENALTY:**   Ct. 1:     0 to 5 years and/or $250,000 Fine, $100 Special Assessment,
Not more than a three (3)-year term of supervised release

Cts. 2 - 5:     0 to 20 years and/or $250,000 Fine, $100 special assessment,
Not more than a three (3)-year term of supervised release

In Jail:

On Bond:

Name & Address of Surety:

No Arrest: